UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ALVIN BEASLEY and HENRY JOHNSON, Plaintiff, | ) ) ) ) ) |
| vs. | ) No. 15-2255 |
| PATRICK HARTSHORN, Defendant. | ) ) ) ) |

MERIT REVIEW ORDER

    This cause is before the Court for merit review of the Plaintiffs' complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiffs' complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

    The Plaintiffs, Alvin Beasley and Henry Johnson, claim their constitutional rights were violated at the Vermilion County Jail by Sheriff Patrick Hartshorn. The Plaintiffs refer to themselves as "class members," but they have not identified any specific class and have not filed a motion for class certification. Even if they had followed these procedures, the two pro se Plaintiffs cannot proceed on behalf of a class. Absent class members are bound by any judgment and are therefore entitled to the assurance of competent representation afforded by licensed counsel. *See Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that it would be plain error to permit imprisoned pro se litigant to represent his fellow inmates in a class action); *see also Huddleston v. Duckworth,* 97 F.R.D. 512, 514-15 (N.D. Ind. 1983) (prisoners proceeding pro se not allowed to act as class representatives). Consequently, this case is not a class action and the Court will only consider the claims of the two named Plaintiffs.

    Plaintiff Beasley says he has been subjected to "inhumane living conditions" during an unspecified time in the Vermilion County Jail. (Comp., p. 5). Plaintiff

says the jail is "filthy," food is served through dirty chuckholes, the showers are not cleaned daily and have fruit flies, he is only allowed one shower a week, there is spilled food on "the walk" which has never been cleaned, and cleaning is done with dirty mops.(Comp., p. 5).

Plaintiff Johnson agrees the jail is filthy, there are no trash cans in his living quarters, he does not have cleaning supplies, the showers are not cleaned daily, the showers are infested with bugs, and Plaintiff says he has been repeatedly bitten. Plaintiff Johnson further claims he needed immediate medical treatment, but was told to fill out a request slip.  It is not clear if the Plaintiff alleged what medical condition he suffered from or why he needed treatment, because the top of page six of the complaint is cut off and unreadable.

Plaintiff Johnson also says the rails on the stairs and the top deck no longer have fencing and he believes they pose a danger to inmates who could fall. However, he does not allege he has ever been injured as a result. Finally, Plaintiff Johnson says Defendant Hartshorn is aware of the jail conditions, but refuses to take any action.  The Plaintiffs are asking for a million dollars in damage.

Since it appears the Plaintiffs were pretrial detainees in the Vermilion County Jail, their constitutional rights are derived from the Due Process Clause of the Fourteenth Amendment. *See, e.g., Kingsley v. Hendrickson,* —— U.S. ——, 135 S.Ct. 2466, 2475 (2015); *Budd v. Motley,* 711 F.3d 840, 842 (7th Cir. 2013). However, the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.' " *Board v. Farnham,* 394 F.3d 469, 478 (7th Cir. 2005) *quoting Henderson v. Sheahan,* 196 F.3d 839, 845 n.2 (7th Cir. 1999).  Therefore, the Plaintiffs must show deliberate indifference to adverse conditions that deny "the minimal civilized measure of life's necessities," including "adequate sanitation and personal hygiene items." *Budd v. Motley,* 711 F.3d 840, 842 (7th Cir. 2013) (citing *Farmer v. Brennan,* 511 U.S. 825, 834 (1994) (citation omitted)

Even if certain conditions do not individually rise to the level of a constitutional violation, multiple unsanitary conditions "may violate the Constitution in combination when they have a 'mutually enforcing effect that produces the deprivation of a single, identifiable human need.'" *Budd,* 711 F.3d at 842 *quoting Wilson v. Seiter,* 501 U.S. 294, 304 (1991)); *see also Smith v. Dart,* 803 F.3d 304, 312 (7th Cir. 015)("Pest infestations may also form the basis of a Fourteenth or Eighth Amendment conditions of confinement claim.")  Therefore,

2

for the purpose of notice pleading, the Plaintiffs have articulated a claim based on living conditions at the Vermilion County Jail.

It is unclear if Plaintiff Johnson intended to state a separate claim based on deliberate indifference to a serious medical condition, and if so, Plaintiff has not identified a serious medical condition, nor a specific Defendant who was responsible for either refusing or denying medical care.  If Plaintiff Johnson wishes to add this claim, the Plaintiffs must file a motion for leave to file an amended complaint with a proposed amended complaint attached.  The amended complaint must stand complete on its own, includes all claims and defendants, and must not make reference to the previous complaint.

In addition, the Plaintiffs have chosen to file their lawsuit together and Rule 20(a) of the Federal Rules of Civil Procedure permits joinder where each plaintiff's claim presents a common question of law or fact. *See* Fed.R.Civ.P. 20.  It appears the Plaintiffs' claims concerning the living conditions at the Vermilion County Jail meets this standard.

However, any proposed amended complaint, motion or other document filed on behalf of the Plaintiffs must be signed by each of the Plaintiffs.  A non-attorney cannot file or sign papers for another litigant, so as long as the Plaintiffs remain pro se, each Plaintiff must sign documents for himself. *See Al Ghashiyan v Frank,* 2008 WL 60032 at * 1(E.D. Wis. Jan. 3, 2008)( "In a case involving multiple pro se plaintiffs, one pro se plaintiff cannot sign on behalf of other pro se plaintiffs."); *Abdul-Wadood v. DeBruyn*, 1996 WL 359890, at *1 (7th Cir.1996)("one *pro se* plaintiff cannot sign on behalf of others."); *Lewis v. Lenc–Smith Mfg. Co.,* 784 F.2d 829, 831 (7th Cir.1986) (unrepresented litigant must sign filed documents); Fed. R. Civ. P. 11.

It appears the Plaintiffs no longer both reside at the Vermilion County Jail, and the Court cannot accept future motions or pleadings which do not comply with this signing requirement. *See Boretsky v. Corzine,* 2008 WL 2512916, *5 (D.N.J.2008)("jail populations are notably transitory, making joint litigation difficult."; *White v. Tennessee Bd. of Probation and Paroles,* 2007 WL 1309402 (W.D.Tenn.2007) ("[I]t is administratively impractical to permit five inmates at three institutions to litigate their claims in a single action").  Therefore, the Plaintiff must mail documents to each other in order to comply with this requirement.  They may also choose to sever their claims and proceed individually, but they would need to file a motion asking for the Court to separate this lawsuit into two separate lawsuits.

IT IS THEREFORE ORDERED that:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiffs allege Defendant Hartshorn violated their constitutional rights based on their living conditions at the Vermilion County Jail. The claim is stated against the Defendant in his individual capacity only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from service to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiffs shall each IMMEDIATELY notify the Court, in WRITING, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

10) Any future documents filed on behalf of the Plaintiffs must be signed by each of the Plaintiffs.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Attempt service on Defendant pursuant to the standard procedures; 2) set an internal court deadline 60 days from the entry of this order for the Court to check on the status of service and enter scheduling deadlines and 3) enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act**

ENTERED this 10th day of December, 2015.

/s/Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE